

Rev. 10/02

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| UNITED STATES DISTRICT COURT | | | |
|---|---|---|---|
| Name of Movant  Vernado Parker | | Prisoner No. 06003-424 | Case No.  04-CR-361 |
| Place of Confinement | | | |
| Manchester, Kentucky Federal Prison Camp | | | |
| UNITED STATES OF AMERICA | V. | Vernado Parker | |
| | | (name under which convicted) | |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack: United States District Court

   For the Northern District of Illinois at the Eastern Division

2. Date of judgment of conviction: May 24, 2007

3. Length of sentence: 121 Months

4. Nature of offense involved (all counts): Violation of 21 U.S.C. §§ 841(a)(1) and 846

_____

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

   **08CV3492**
   **JUDGE KENNELLY**
   **MAGISTRATE JUDGE BROWN**

7. Did you testify at trial? Yes ☐ No ☐

8. Did you appeal from the judgment of conviction? Yes ☐ No ☒

# FILED

JUN 1 8 2008 TC
Sun 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

9. If you did appeal, answer the following:

(a) Name of court to which you appealed: _____ **N/A** _____

(b) Date the appeal was filed: _____

(c) Result: _____

(d) Date of result and citation, if known: _____

(e) Grounds raised: _____

_____

(f) If you sought further review of this decision by petitioning for certiorari in the United States Supreme Court, please answer the following with respect to your direct appeal:

(1) The date the petition for certiorari was filed: ____ **N/A** _____

(2) Result: _____

(3) Date of result and citation, if known: _____

(4) Grounds raised: _____

_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in *any* federal court?

Yes ☐   No ☐

11. If your answer to 10 was "yes," give the following information (Use separate section for each petition/application/motion filed). You may attach additional pages if you filed more than two petitions/applications/motions:

First petition/application/motion

(a) Name of court: _____ **N/A** _____

(b) Date the first petition, application, or motion was filed: _____

(c) Nature of proceeding: _____

(d) Grounds raised: _____

_____

_____

_____

2

(e) Did you receive an evidentiary hearing on your petition, application, or motion? Yes ☐    No ☒

(f) Result: _____

(g) Date of Result: _____

(h) Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application, or motion?
    Yes ☐    No ☒

(i) If your answer to (h) was "yes,"

   (1) Name of court: _____

   (2) The date the appeal was filed: _____

   (3) Grounds raised: _____

   _____

   _____

   (4) Result: _____

   (5) Date of Result: _____

(j) If your answer to (h) was "no," explain briefly why you did not file an appeal: _____

   **I requested a direct appeal after my sentencing to my counsels but no appeal has been
   filed per my direct request.**

(k) If you sought further review of this decision by petitioning for certiorari in the United States Supreme Court, please answer the
    following with respect to your first petition, application, or motion:

   (1) The date the petition for certiorari was filed: _____ N/A _____

   (2) Result: _____

   (3) Date of result and citation, if known: _____

   (4) Grounds raised: _____

   _____

Second petition/application/motion

   (a) Name of court: _____ N/A _____

   (b) Date the second petition, application, or motion was filed: _____

   (c) Nature of proceeding: _____

   (d) Grounds raised: _____

   _____

   _____

   _____

3

(e) Did you receive an evidentiary hearing on your petition, application, or motion?  Yes ☐     No ☒

(f) Result: _____

(g) Date of Result: _____

(h) Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application, or motion?

    Yes ☐     No ☒

(i) If your answer to (h) was "yes,"

    (1) Name of court: _____

    (2) Date the appeal was filed: _____

    (3) Grounds raised: _____

    _____

    (4) Result: _____

    (5) Date of Result: _____

(j) If your answer to (h) was "no," explain briefly why you did not file an appeal: _____

    I requested a direct appeal to my counsels but as of date it has not been filed.

(k) If you sought further review of this decision by petitioning for certiorari in the United States Supreme Court, please answer the following with respect to your second petition, application, or motion:

    (1) The date the petition for certiorari was filed: _____ N/A _____

    (2) Result: _____

    (3) Date of result and citation, if known: _____

    (4) Grounds raised: _____

    _____

12. State *concisely* every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. Summarize *briefly* the *facts* that support each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

    CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these types of proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, *you should raise in this motion all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    4

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: <u>Denial of Right of Appeal & Denial of effective assistance of counsel</u>

<u>Note: Ground One has two claims under the same Ground*</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>Mr. Parker, requested a direct appeal after</u>

<u>sentencing in the hallway of the Federal Courthouse. And (B) Counsel was ineffective</u>

<u>for not objecting to the drug amounts in which are in violation of Mr. Parker's</u>

<u>Sixth Amendment rights to appeal his sentence and have a jury determine drug quantity.</u>

B. Ground two: <u>Supervised Release applied in error. Due Process Violation 5th Amendment.</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>Mr. Parker, was granted the Safety-Valve</u>

<u>Provision and thus, relieved him from any mandatory minimums including Supervised</u>

<u>Release. The Court errored when it gave Mr. Parker the mandatory minimum term of</u>

<u>Supervised release.</u>

C. Ground three: <u>Denial of effective assistance of counsel under the 5th & 6th Amendment</u>

<u>as to Individualized findings of drug quantity that we're applicable to Mr. Parker.</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>Mr. Parker, has the right to be sentenced on</u>

<u>accurate and reliable information. Also, Mr. Parker's involvement in the conspiracy</u>

<u>only lasted a short span so he could not had reasonable foreseen the scope of the</u>

<u>entire conspiracy and the Court did not satisfy the individualized finding mandate.</u>

D. Ground four: <u>Rule 32 Violation and Due Process Violation under the 5th Amendment</u>

Supporting FACTS (state *briefly* without citing cases or law): The Court failed to comply with Fed.R.Crim.P.
32 and the Court violated Mr.Parker's Due Process right to be sentenced on accurate
information in the absence of not conforming the mandate of Rule 32.

13. If any of the grounds listed in 12A, B, C or D were not previously presented, state briefly what grounds were not so presented
and give your reasons for not presenting them: All of the grounds in 12 A.B.C. & D were not presented
on the basis I was not knowledgeable to the Federal law, but I have took sometime to
research and read my case, and thus found there were many constitutional violations
committed in my charge violation. Also, My Counsels were not completely effective.

14. Do you have any petition(s), application(s), motion(s), or appeal(s) now pending in any court as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:

    (a) At preliminary hearing: Ms.Anita Rivkin-Carothers, 33 N.LaSalle St., Suite 3300 Chicago,IL
    And Mr.William P.Murphy & Ass.407 S.Dearborn St., Suite 1675
    Chicago, IL.

    (b) At arraignment and plea:                 Same—

    (c) At trial:                           Same—

    (d) At sentencing:                     Same—

    (e) On appeal:                       Same—

    (f) In any post-conviction proceeding:        Pro Se—

    (g) On appeal from any adverse ruling in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the
same time?   Yes ☐   No ☒

17. Do you have any future sentences to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒

    (a) If so, give the name and location of the court which imposed the sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in
    the future?  Yes ☐   No ☒

Wherefore, Movant prays that the Court grant him/her all relief to which he/she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___5 / 16 / 08___          _____
              Date                      Signature of Movant

I hereby certify that this motion was delivered to the prison mail system for mailing on ___5 / 16 / 08___
                                                                                            Date
                                                                        _____
                                                                        Signature of Movant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
AT THE EASTERN DIVISION

VERNADO PARKER,                          *

    PETITIONER,                         *     CASE NO: 04-CR-361

    V.                                  *     HONORABLE JUDGE: MATTHEW KENNELLY

UNITED STATES OF AMERICA,                 *

    RESPONDENT,                         *

                                        *

### SWORN AFFIDAVIT
### IN SUPPORT OF MOTION PURSUANT TO § 2255 PETITION

NOW COMES, the Petitioner, Vernado Parker, Pro se, in support of the pending appeal pursuant to 28 U.S.C. § 2255 in support of his "INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM" seeking relief from this Honorable Court. In support, I, Mr.Parker, affirm the following:

1. Mr.Parker, was represented by Attorneys- Mr.William P. Murphy, 407 S.Dearborn Street, Suite 1675., Chicago, Illinois 60605 and Ms.Anita Carothers, 33 N.LaSalle Street, Suite 3300., Chicago, Illinois 60602.

2. Mr.Parker,was previously arrested on Federal Drug charges and was sentenced on May 24, 07.

3. Mr.Parker,was told by his trial counsels that at the worst case at sentencing that he would receive (7) Seven-years of incarceration and he did not know if that included the safety-valve provision.

4. Mr.Parker, told his counsels that he did not want to pleas to 50 to 150 Kilograms of Cocaine, because he was not liable for that large amount and it over-represented his culpability. Also, Mr.Parker, expressed repeatedly that the testimony of "Mr.Granda" (a Government witness) was over-exaggerated just as the Honorable Judge: Mr.Kennelly stated on record.
   Mr.Parker, told his counsels that he would plead guilty to 15 Kilograms of Cocaine and that would be the most, but Mr.Parker's, counsels expressed to him the quantity of drugs did not matter in his plea because he would receive the same sentence in regards to the term of imprisonment (7 years). Mr.Parker's, Counsels had his friends (Homer Lyons & Derrel McDavid) talk to Mr.Parker in regards taking the (7 years) of imprisonment by pleading guilty. See attached hereto: Affidavits in Support- Exhibit A.

5. In Mr.Parker's plea Colloquy (id. Held on February 9, 2007, at pp 9) Mr.Parkarm was asked by Judge Kannelly, "Why did Mr.Parker hesitate?" in regards to pleading guilty. Mr.Parker, felt that the large amount of drugs were clearly over-represented him and that's why he displayed the hesitation.

6. Mr.Parker, per group conversation with family of friends and Mr.Parkers trial counsels after the sentencing proceedings in the Federal Court building hallway requested on urgent basis that they (Mr.Parkers trial counsels) fila a notice of Appeal in regards to the judgement enteed on May 24, 2007 do to many Constitutional violations that occurred and the sentence discussed (the term of Seven-years (7) of imprisonment) was not granted. See attached hereto: Affidavits in Support by: Daniel Kiluk, Greg Bonner, Greg Thomas, & Dennis Smith- in regards to the Conversation entailing Mr.Parkers counsels to file a direct appeal. Exhibit B.

7. Mr.Parker, spoke with his trial counsels a few days later and they confirmed that they were going to proceed with the request of Mr.Parkers direct appeal.

8. Mr.Parkers, trial counsels knew that it was his wish to file a appeal challenging elements of the sentence imposed to his conviction of crime.

9. In respect, Mr.Parker files this appeal in respect of his Constitutional rights.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
AT THE EASTERN DIVISION

VERNADO PARKER,                        *

    PETITIONER,                        *       CASE NO: 04-CR-361

      -VS-                             *       HONORABLE JUDGE: MATTHEW KENNELLY

                                       *

UNITED STATES OF AMERICA,             *

    RESPONDENT,                        *

                                       *

                                       *

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
## PURSUANT TO 28 U.S.C. § 2255

COMES NOW, the Petitioner, Vernado Parker, Pro se, and respectfully submitting this memorandum in support oh his motion to vacate, set aside, or correct his sentence pursuant to Title 28 U.S.C. § 2255. Mr.Parker, request that this Honorable Court will afford him the liberal characterization under the sole purposes of construing this pleading as it is for the advantage of Mr.Parker, not the dis-advantage.

### JURISDICTIONAL STATEMENT

Subject matter jurisdiction is vested pursuant to 28 U.S.C. § 2255, which grants this Honorable Court jurisdiction on the basis it was the sentencing court in Mr.Parker's original trial proceedings. Mr.Parker, originally was charged with "Conspiracy to possess with intent to Distribute and to Distribute Controlled substances, in excess of five kilograms of mixture containing cocaine." This motion is ripe for adjudication on the merits by this Honorable Court's jurisdiction and the authorities of law.

### STATEMENT OF THE CASE

Mr.Parker, pleaded guilty after stopping a trial by jury to Count One of Conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to a term of imprisonment of 121 months. The sentence was calculated and imposed pursuant to the Non-mandatory Guidelines of the United States in respect to Booker. As of date No direct appeal has been filed, but requested. Thus, this is the reasoning Mr.Parker submits this §2255 petition.

## ARGUMENT

### I.   GROUND ONE: SIXTH AMENDMENT VIOLATION. INEFFECTIVE ASSISTANCE OF COUNSEL.

Counsel failed to adequately defend Mr.Parker (Hereinafter, Parker) at sentencing and failed to file a timely Notice of Appeal so that relief from the sentenced imposed on enhanced drug quantities amongst other basis could be sought. Mr.Parker, requested to his trial attorneys that they file a Direct Appeal after conclusion of the sentencing proceedings that took place on May 24, 2007 in the Federal Courthouse building hallway located on 219 South Dearborn Street, Chicago, Illinois, Per a group conversation with Mr.Parker's family and friends (See,attached Affidavit's of Mr.Homer Lyons & Mr.Derrel McDavid), and Mr.Parker's submitting affidavit of there (Trial Counsels) conversation in relation to filing his direct appeal on his behalf.

Moreover, Case law regarding a defendant's direct request to file a direct appeal, as likewise in this case, held ("When a defendant's request for an appeal is disregarded, the Constitutional violation is established. The defendant need not demonstrate that the prejudice prong of Strickland v. Washington. 466 U.S. 668, 104 S.Ct. 2052, is satisfied") id. Castellanos v. U.S., 26 F.3d 717 (7th Cir.1994).

Mr.Parker, states that his sole desire and direct request to his trial attorneys satisfy the prejudice prong as pointed out in Strcikland. Mr.Parker's, evidence as submitted (The Attached affidavit's) express his desire to appeal in reliance on Roe v. Flores-Ortega, 528 U.S. 470, 485, 120 S.Ct. 1029, 145 L.Ed. 2d 985 (2000), which stated that evidence "that the defendant in question promptly expressed a desire to appeal will often be highly relevant" to a determination of ineffectiveness); See also Castellanos, 26 F.3d at 719 ("[The defendant's] 'request' [for an appeal] is an important ingredient in this formula.").

The cornerstone of effective assistance of counsel is set forth by the Supreme Court in Strickland v. Washington 466 u.S. 668 (1984). The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. McMann v. Richardson, 397 U.S. 749 (1970), Cuyler v. Sullivan, 446 U.S. 335 (1980); Kafo v. U.S., 467 F.3d 1063 (7th Cir.2006); Morrison v. Duckworth, 898 F.2d 1298 (7th.Cir.1990).

Mr.Parker's, abandonment of his trial counsels not filing his direct appeal is a per se violation of the Sixth Amendment. Mr.Parker, is entitled to legal aid in demonstrating that the district judge committed an error, and he need not make a preliminary showing of "prejudice." And supportedly, the Constitution does not ensure that every defendant receives the benefit of super advocacy- how could it, given that half of all lawyers are below average?- it does entitle every defendant to the benefits of an advocate. Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Thus, Mr.Parker was abandoned by his counsel resulting in no advocacy at all, in clear violation of our Constitution.

Importantly, the governing statue, 28 U.S.C. § 2255, provides, in pertinent part:

> Unless the motion and the files and records show that the prisoner is entitled to no relief,then the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and the conclusions of law with respect thereto. (emphasis added).

And now with Mr.Parker's supporting affidavit's as a threshold, the necessity of a evidentiary hearing is established. If the facts alleged, and proven, Mr.Parker would be entitled to relief and in accordance to § 2255 Rules as explained above.

For the points of authority and reasons stated herein, Mr.Parker should be granted an evidentiary hearing to substantiate his ground for relief and to make the record clear.

**B.       DRUG AMOUNTS APPLIED TO MR.PARKER LACK JURY FINDING AND INEFFECTIVE ASSISTANCE OF COUNSEL FOR NOT OBJECTING**

Case law regarding drug amounts and lack of jury finding on drug amounts existed at the time Mr.Parker was sentenced. However, counsel failed to present existing case law which would have benefited Mr.Parker. According, to the Statue provisions of § 841 in respect to drug quantities as "elements" that have to be pleaded or proved to a jury or admitted by the defendant to support conviction on an aggravated drug offense under this statue, See., U.S. v. Thomas 274 F.3d at 660; U.S. v. Gonzalez, 420 F.3d at 115. As pointed out in Gonzalez, id. at 116 and likewise in this case, ("Because drug quantity is an element of the aggravated offense of conviction, we conclude that Gonzalez was misinformed as to his right to have the statutory quantity proved to a jury.").

For that, reason, and because his own allocution fails to provide an adequate factual basis on the element of au aggravated offense, his guilty plea could not have been voluntarily, or sufficient to support a judgement of conviction under $841(b)(1)(A). Mr.Parker, points this Honorable Court's attention to his sentencing transcripts that took place on May 24, 2007, id. at pg.26— The Court had asked many questions in regards to Mr.Parker's actual culpability in this conspiracy as to the drug amounts. But all within the allocution never was Mr.Parker questioned to the amount of drugs that he believes fits his culpability in this conspiracy for his involvement for over a one-year time span. Thus, without Mr.Parker admitting the facts to establish the basis for sentencing the Court violated the mandate of Booker, 543 U.S. 220, 244 (2005) (stating that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by...a jury verdict or admitted by the defendant or proved to a jury beyond a reasonable doubt"). Mr.Parker's, attorney's never picked the ball up when asked by the court in the sentencing proceedings (id. sentencing transcripts held May 24, 2007) at Pg. 26, line 3-14, what specific amount of cocaine was Mr.Parker responsible? Thus, this is a Sixth Amendment violation to have competent and affective counsel at a critical part of the sentancing proceedings. The objection in reality formed and shaped the term of imprisonment that Mr.Parker would receive. If objected, and the record being established within the scope of Mr.Parker's admission or within the holding in Booker, the outcome arguably would have reduced Mr.Parker's term of imprisonment based upon the actual drug amounts that were foreseeable to his actions in the conspiracy.

See., Spearman v. U.S., 860 F.Supp. 1234, 1244 (E.D.Mich.1994) ("Holding that counsel was ineffective because, amongst other things, 'he failed to establish at sentencing any specific computation as to any amount of cocaine relevant to defendant's sentence, he merely accepted the prosecutor's figure"). Per review of the record held on May 24, 2007 sentencing Mr.Parker's counsel was ineffective in this aspect because his trial counsels merely accepted the prosecutors estimate of cocaine. This fact is undeniable per review of the Sentencing transcripts and the proceedings that transpired.

Additionally, under Seventh Circuit case law in support states; (1)"If counsel has failed to raise a significant and obvious issue (failure could be viewed as **deficient** performance), " and (2) if [the] issue not raised may have resulted in reversal of conviction, or an order for new trial, or a lesser sentence, the failure was **prejudical**)). <u>Gary v. Green</u>, 778 F.2d 350 (7th Cir.1985)(emphasis added).

Mr.Parker's, trial counsels non-objection to the actual quantity of drugs that support his culpability in the conspiracy falls within the Seventh Circuit case law in regards in making a difference in his term of imprisonment. Thus, a Sixth Amendment violation as the requirement of factual findings are necessary to enhance the criminal sentence must be made by a jury is not a "Policy" decision, but a requirement of the Sixth Amendment. And basing Mr.Parker's Guideline calculations on jury findings fall well within the federal court's "inherent powers." See, <u>U.S. v. Hasting</u>, 461 U.S. 499, 505 (1983). Also, this Court was equipped to do just this on the basis that Mr.Parker was in the middle of trial and then stopped the trial to plead guilty to the charged violation, but never admitted <u>any</u> quantity of drugs that support the mandate of <u>Booker</u>. Thus, the Court could have ordered the jury to make an independent assessment not of guilt, but on the drug quantity to satisfy the purposes of sentencing and the Sixth Amendment. In support, the Sixth Amendment and the protections mandated by the Sixth Amendment are for the benefit of the <u>individual</u>, not the Government. <u>U.S. v. Swan</u>, 327 F.Supp.2d 1068, 1072 (D.NEB.2004).

Moreover, after <u>Apprendi/Booker</u> experience with juries suggest that the use of a jury sentencing, even after a guilty plea, or second phase of merits, is feasible. <u>Khan</u>, 325 F.Supp.2d <u>id.</u> at 224. So, the Sixth Amendment violation is established by Mr.Parker and the fact he never admitted any drug quantity to support a enhanced penalty under § 841(b)(1)(A). As Mr.Parker's, plea of guilt is a submission of the charge itself not the elements of the offense nor the drug quantity. So, in the absence of this Court [i]n assessing the scope of facts established beyond a reasonable doubt by a guilty plea, this Court should have and must look at what Mr.Parker actually agreed to— that is, what was actually established beyond a reasonable doubt. <u>Banuelos</u>, 323 F.3d <u>id.</u> at 707.

-6-

As it has been long settled that a guilty plea is an admission of the formal elements of a criminal charge not the elements of the offense. McCarthy v. U.S., 394 U.S. 459, 466 89 S.Ct.1166 , 22 L.Ed.2d 418 (1969).

The Strickland prejudice prong is met on the basis "in the context of a non-capital sentencing [because]...practically any error committed by counsel could have resulted in a harsh sentence, even if only by a year or two." Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir.1993). The Spriggs court concluded that an ineffectiveness claim should establish "a reasonable probability that but for trial counsel's error the defendant's non-capitol sentence would have been significantly less harsh," rather than the usual showing of a reasonable probability of a different outcome. The court also stated that "One foreseeable exception to this requirement would be when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing." id. at 94 Note.4.

Mr.Parker, points out that the non-objection to drug quantity by his counsel clearly demonstrates the enhancement in sentencing and in regards that the time span of the head-leader of the conspiracy spanned from March 1999 to August 2003 in which the leader (Mr.Lopez) admitted that the amount of cocaine was in the vincinity of 150 Kilo's of cocaine (id. Transcript of August 3 plea. page 98 of Hector Lopez). Mr.Parker's, was only involved in the conspiracy for little over a year. So, there could be no way that Mr.Parker could reasonable foresee the scope of the conspiracy when he did not even know the persons involved until sometime in the future and never purchased any large amount to meet the 150 Kilo admission of Mr.Lopez.

So, the error of counsel not objecting played a major part in the maximum sentence that could have been imposed to Mr.Parker and the term of imprisonment that Mr.Parker did receive, but counsel's "...single serious error support the claim of ineffective assistance of counsel. See., Kimmelman v, Morrison, 477 u.S. at 384, 91 L.Ed.2d at 385. (Citing U.S. v. Cronic, 466 U.S. 648, 657 [N.20], 80 L.Ed.2d 657, 104 S.Ct. 2039).

The Court added that this "single serious error," id. could cause counsel's performance to fall "below the level of reasonable professional assistance," id. 477 U.S. at 386, even where, "...counsel's performance at trial [was] generally craditable enoungh

Ibid., and even where counsel had made "vigorous cross-examination attempts to discredit witness, and effort to establish a different version of the facts." Ibid. The Supreme Court then found that no "strategy" was involved in that case, in likewise this case, that counsel's performance thereby fell below Strickland objective of reasonableness, because, "Counsel's failure...was not based on 'strategy', but on counsels mistaken beliefs,' as to the laws governing discovery. Ibid 477 U.S. at 385. The decisions of the various court of appeals have followed this unambiguous mandate from the Supreme Court.

In sum, ineffectiveness is established under Strickland on the basis that "a reasonable probability that but for trial counsel's error Mr.Parker's non-capitol sentence would have been significantly less harsh. The Court asked numerous of times what is the quantity to measure Mr.Parker's culpability? Then the Court went on to say, "All right, but that essentially assume that Mr.Granda's (Ronald Garcia) testimony is exaggerated. Is that fair-." Mr.Parker's, counsel never objected and submitted a estimate that reflects Parkers' culpability nor submitted the question to the jury to meet the holding in Booker. The law was clear at the time of Mr.Parker's sentence under § 1B1.3, cmt. n.2 (2001)("Because a count may be worded broadly and include the conduct of many participants over a period of time, the scope of the criminal activity jointly undertaken by the defendant...is not necessarily the same as the scope of the entire conspiracy....so neither the judgement nor the transcripts of the sentencing hearing demonstrate that the district court made particularized findings with respect to the scope of Mr.Parker's explicit or implicit agreements with his co-conspirators. And without Mr.Parker's trial counsel not bringing this important objection up in sentencing clearly demonstrates that arguably Mr.Parker's sentence could have been less harsh.

Moreover, the trial and sentencing records are silent on this issue and the leader Mr.Lopez, has no testimony to include Mr.Parker of his 150 Kilo admission, only the exaggerated testimony of Granda' (Ronald Garcia) makes the drug amounts and the are clearly objectable based upon his lengthy criminal record and his willingness to avoid prison by all means. So, in result Mr.Parker has satisfied the ineffectiveness of counsel.

For the points of authority and reasons stated herein, Mr.Parker should be granted an evidentiary hearing to actually make the record of his culpability for sentencing.

## II. GROUND TWO: <u>SUPERVISED RELEASE APPLIED IN ERROR, DUE PROCESS VIOLATION</u>

Mr.Parker, points out that "Supervised Release" is punishment, and therefore part of the "Sentence" within the meaning of Criminal Procedure Rule governing plea agreements for sentencing purposes. Also, Supervised Release term itself is part of the punishment imposed on the original crime. <u>Etherton</u>, 101 F.3d 80, 81-82 (9th Cir.1996).

Importantly, Mr.Parker states that he could not possibly known, much less agreed to, the high end of Supervised Release range of punishment when he was relieved from any Statutory Minimums based upon the granting of the Safety-Valve Provision.

However, there is no evidence in regards to any specific finding of aggravating circumstances that would justify the upward departure of Mr.Parker's term of Supervised Release. A Court cannot exceed the Sentencing Guideline range absent a specific finding. Mr.Parker's Criminal History was not substantial to warrant a heightened term of Five-years of Supervised Release when he has been granted the Safety-Valve provision to assure a reduction in both his term of Supervised Release and Imprisonment.

In support, Mr.Parker points out the First Note of the Safety-Valve. It states, "A defendant who qualifies under the [Safety-Valve] is not subject to any Statutory Minimum sentence of Supervised Release. In this, present case, the term of Supervised Release should be determined under Subsection (a). U.S.S.G. §5C1.2, Comment (N.1)(Citation omitted).

The United States Sentencing Commission clarified the application of the section 5C1.2, Safety-Valve. See, U.S.S.G. App.C. Amend 570 (Nov.1997). The application Note 9 to the Safety-Valve section now reads: "A defendant who meets the criteria under this section is <u>exempt</u> from <u>any</u> otherwise applicable statutory minimum term of supervised release. U.S.S.G. §5C1.2, Comment (N.9) (emphasis added). This note makes it clear that the Safety-Valve applies to both the terms of Imprisonment and Supervised Release.

So, the error applied by this district court unaware of the error, now presented, should be corrected. And if not corrected the error would create a miscarriage of justice in violation of Mr.Parker's Due Process rights that is afforded to him in all facets of his criminal proceedings.

Mr.Parker, makes it clear he is _exempt_ from any Mandatory Minimum terms in regards
to the fashioning of his sentence. The Court should have determined the term of "Supervised
Release" without any regard to the Mandatory Minimum statue. The Court has no authority
to look at the statue in determining the sentence applicable to Mr.Parker.

Therefore, the only place it can look is to the terms provided under the Supervised
Release Guideline. Ultimately, the district court erred in its belief that is was bound by
law to impose the statutory minimum term of Supervised Release to Mr.Parker. However,
not only was the court not bound by the Mandatory Minimum Statue, it has no authority to
consider it at all. See., U.S. v. Hendricks, 171 F.3d 1184 (8th Cir.1999).

Congress, did not intend the benefits of the Safety-Valve to be illusory. The intent
of Congress is clearly shown by the plain language of the Statue and the Guidelines.
Moreover, legislative history shows that, when enacting 18 U.S.C. § 3553(f), Congress
directed the Sentencing Commission to amend the guidelines in order "**to ensure an actual
reduction**" for those (likewise, Mr.Parker) who qualified for the Safety-Valve provision.
See., H.R. Rep.No. 103-460, at 5 (1994)(**emphasis added**).

In addition, in this present case, the statue under § 841(b)(1)(A) mandates a minimum
term of Five-years Supervised Release, the [Safety-Valve] provision should have prevented
this Mandatory Minimum term of Supervised Release as imposed on Mr.Parker. Under section
841(b)(1)(A) the basis of drug quantity,and the basis of Supervised Release cannot be
greater than Three-years, under Apprendi, Now Booker. The issue of drug quantity would
have to be determined by the jury for this enhancement to be applied. See., Zidell, F.3d
at 427-28 ("Noting that specific cocaine quantities must be proved beyond a reasonable
doubt in order to sentence a defendant using the enhanced-penalty provision under
§ 841(b)(1)(A)").

In sum, Mr.Parker's term of Supervised Release should be modified to a term of
Three-years and thus this Court take into the authorities granted to Mr.Parker under
the Safety-Valve provision.

For the points of authorities and reasons stated herein, Mr.Parker's term of
Supervised Release should reflect Three-Years.

**III.  GROUND THREE: 5TH AND 6TH AMENDMENT VIOLATION- UNDER INDIVIDUALIZED FINDINGS.**

Mr.Parker, points out to this Honorable Court that when imposing a Mandatory Minimum Sentence the court cannot hold the individual responsible for drug quantities attributable to Conspiracies without making individualized findings as to drug quantity attributable to Mr.Parker. In support the record of Mr.Parker's sentencing does not satisfy this mandate of law do to there were many debates about the actual amount that was applicable to Mr.Parker This type of analysis is the kind of individualized inquiry that the sentencing judge must make in order that the defendant is sentenced only on the basis of a conspiracy that was reasonably foreseeable to him. However, the district judge should conduct this inquiry in a less conclusory fashion, setting forth the reasons why the particular amount of drugs was reasonably foreseeable to Mr.Parker, with reference to the evidence before the Court. As it has long been settled by this Circuit, "Every sentence under the Guidelines must be supported by reasons. * * * 'Reasons' means something more than conclusions- a distinction important not only to the defendant whose future is at stake but also to the appellate process * * *." White, 888 F.2d at 495.

Moreover, before this Court had concluded that a given quantity of drugs would be foreseeable for Mr.Parker's sentencing purposes, the district Judge should make clear that he has considered the evidence of Mr.Parker's agreement to join a conspiracy and the scope alleged by the government. Mr.Parker's sentencing record is silent in this aspect and in violation of his Due Process Rights to be sentenced on accurate and reliable information in sentencing. In U.S. v. Johnson , 935 F.2d 47-52 (4th Cir.1991)(Guidelines "Mandate an open, on the record, reason supported [sic] determination of the principal components of a guidelines sentence, including the determination of the applicable guidelines ranges"). Importantly, because the is no evidence that Mr.Parker entered into an agreement to become part of Hector Manuel Lopez cocaine conspiracy before August 2002, his base offense level must be recalculated to reflect the quantity of cocaine that was reasonably foreseeable to him. As Conspiracy laws contain an important limiting principle- namely, that conspiracy liability cannot exceed the scope of a defendant's agreement to further criminal activity. These limiting principles prevent the conspiratorial net from being cast too wide. Townsend, 924 F.2d id. at 1389.

Furthermore, the law as strict procedurally mandated the district court at sentencing must spell out in some detail the evidentiary basis for its conclusion of drug quantity. The Conspiracy line of cases are not to be taken lightly do to the improper findings of drug quantities plays a vital part of a defendant's lost of liberty through incarceration. Thus, violating Mr. Parker's substantial rights under the Fifth Amendment and the Sixth Amendment under the safeguards of our Constitution.

However, in the absence of Mr. Parker's explicit or implicit agreement with the Co-Conspirators in this case the court could not meet the procedural mandate in determing the drug quantity that was applicable to Mr. Parker. So for this Court to use the wrong standard of proof in making its findings of facts...clearly runs afoul of Mr. Parker's Sixth Amendment of the portions applicable to the guidelines. Nancy J. King and Susan R. Klein , beyond Blakely, 16 Fed.Sent.Rep 316, 319 (2004).

As a threshold matter, Mr. Parker's sentencing record is clearly not satisfying the individualized finding requirement. The district Court must explicitly " 'Set[] forth the reasons why the particular amount of drugs was reasonably foreseeable to Mr. Parker, with reference to the evidence before the court. ' " Edwards, 945 F.2d 1387, 1399 (7th Cir. 1991). Mr. Parker's, record is as follow inopposite of the mandate.

Id. Sentencing Transcripts held on May 24, 2007 at pp. 26-28

Page 26- Line 3-25...

The Court: I want to ask both sides a question. The quantity that was — the quantity of cocaine that Parker' was responsible for was stipulated to, if I recall correctly, as part of the guilty pleas, and it was 50 to 150 Kilograms, which is a pretty broad range.

And I recognize that there are reasons why people stipulate to a range rather than to a specific amount, and I don't want to ask anybody to do anything that is contrary to whatever your agreement is, but is anybody able to tell me anything that tells me where within that very large range it falls without running afoul of any understandings or agreement that you have.

Mr. Blakey: Your Honor, I don't believe that we will have an agreement between the parties as to what number is, but Maurice Granda who testified at trial, his testimony alone put him in the range of 80 Kilos, if I recall.

The Court: Eighty Kilos that went through Mr. Granda.

Mr. Hotaling: Alone, and that's not including any narcotics that went through Hector Manuel Lopez.

Mr. Blakely: That is one connection, and so our inference— without detailing all

the evidence, you are starting at 80 and moving upwards.

    The Court: Mr.Murphy or Ms.Carothars, is there anything you want to add?

Page 27- Line 2-25...

    Mr.Murphy: I am sure you would have instructed the jurors to regard Mr.Granda's testimony with great caution. Again, I don't know how credible he was, but my personal opinion was that he wasn't very credible.

    The Court: Well, are you able to give me any specific information of, you know, a narrow range than 50 to 150 Kilograms? And I recognize that quantity is maybe a rough measure of culpability. In some cases, it is a very rough measure of culpability, but if there is anything more you can tell me from your perspective about that, and it may be that I can't make a finding because there is a disagreement, in which case I will just rely on the broader range, but if there is anything more you can tell me?

    Mr.Murphy: We can't give you an exact or specific, but we would certainly argue, and knowing everything we do, it would be at the lower end of the range, your Honor.

    The Court: All right, but that essentially assumes that Mr.Granda's testimony is exaggerated. Is that a fair—

    Mr.Murphy: Yes.

    Mr.Blakey: Because one of the other persons who testified, Antonio Aguilera, put a 20 Kilogram number on him in addition. So you would— we are putting him in the middle of that range.

Page 28- Line 2-5...

    The Court: In the Middle somewhere, okay. Is there anything more that defense counsel, either Mr.Murphy or Ms.Carothers, would like to tell me before I give Mr.Parker a chance to speak?

Now, importantly under the facts as stated above the Court did not make particularized findings with respect to the scope of Mr.Parker's explicit or implicit agreement with the charged or uncharged co-conspirators. Nor throughout the week trial is there any agreement made by any of the testifying witness about an agreement other than they would sell or front cocaine. The Black law Dictionary defines "Agreement" as: "A contract, the manifestation of mutual assent' by two or more legally competent persons to one another. Every contract is an agreement; but not every agreement is a contract." Precisely, what Mr.Parker had a buyer-seller contract, no agreement.

So, the absence of this Court making the particularized findings with respect to both the scope of Mr.Parker's agreement and the foreseeability of the charged and the uncharged co-conspirators' conduct the Court exposed Mr.Parker to being sentenced to activities that he did not agree to jointly undertake or could foresee. Averting sentences based on such conspiracies, likewise, Mr.Parker's that are potentially overbroad in scope

is one of the specific purposes of § 1B1.3(a)(1)(B). See U.S.S.G. § 1B1.3, cmt. n. 2(2001)
("Because a count may be broadly worded and include conduct of many participants over a
period of time, the scope of the criminal activity jointly undertaken by the defendant...
is not necessarily the same as the scope of the entire conspiracy....In order to deter-
mine the defendant's accountability for the conduct of others under subsection (a)(1)(B),
the court must first determine the scope of the criminal activity the particular defendant
agreed to jointly undertake (i.e., the scope of the specific conduct and objectives embraced
by the defendant's agreement)").

Applying this language and the Guidelines,and the Supreme Court holding in Conspiracy
line of case in Anderson v. U.S., 417 U.S. 211, 224, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974)
(holding that "conspiracies are not to be made out by piling inference upon inference,
thus by fashioning...a dragnet to draw in all substantive crimes").

In sum, Mr.Parker's judgement nor the transcript of the sentencing hearing demonstrate
that the district court made particularized findings with respect to the scope of Mr.Parker.
The transcripts of sentencing clearly illustrate Mr.Parker's Fifth and Sixth Amendment
denial of Due Process and to be sentenced on accurate information. The Court, clearly
asked..for any specific information as to the drug quantity but no quantity was admitted
nor assessed under the strict procedural mandate of the laws of Mr.Parker's sentencing.
And the Court even went so far....as to say that the testimony of the key witness Mr.Granda'
was exaggerated. So, without a reasonable analysis and dissection of the scope, plan,
agreement, and acts of omissions by Mr.Parker his sentence could not clearly be valid.
Mr.Parker, told his counsels that his dealing were no more than 15 Kilograms of cocaine.
Thus, showing that his sentence would have been a lot less harsh, upon the granting of
the safety-valve provision that relieved him of any statutory mandatory minimums. Ultimately,
with the same reductions that were initially granted would result in a sentence of a
starting base offense level of 32 for (5kg-15Kilograms of Cocaine), Criminal history
category of I, Granting of the Safety-Valve minus 2 base offense levels, Minus 2 under §
3E1.1 for Acceptance of responsibility, and a ending term of imprisonment of 78-97 months.

-14-

So, given that the mandate was not met by this court and "[T]he information under-lying the court's approximation must possess sufficient indicia of reliability," and "[u]nreliable allegations must no be considered." Behler. 20 F.3d at 1433 (citations omitted). Mr.Parker, argues that the evidence of testimony by Mr.Granda was not sufficiently reliable. Even the court stated, "We assume that Mr.Granda's testimony is exaggerated" and to the fact that Mr.Granda (the witness) was a drug felon clearly receiving a reduction in his sentence for testifying against Mr.Parker.

"As this court has held countless times, sentencing judges are fully capable of considering the motivations of witnesses in weighing conflicting evidence and, because they have had an opportunity to assess the demeanor of the witness, are in a better position than this court to make credibility determinations." House. 110 F.3d at 1285—86.

Here, the court did not detail how it determined the amount of drugs attributable to Mr.Parker for his relevant conduct. The Court's findings were based on witness' testimony that it found to be exaggerated, the facts by the witness contradict the true aspects of his testimony for the drug quantity that was assessed to Mr.Parker. Therefore, the evidence underlying the witnesses' testimony did not have a sufficient indicia of reliability, and the district court's drug quantity calculation cannot be upheld.

For the points of authorities stated herein, Mr.Parker should be granted an evidentiary hearing to meet the mandate of the Conspiracy line of cases or grant the relief that this court deems is proper and appropriate under the law of this Constitution.

**IV. GROUND FOUR: RULE 32 VIOLATION AND DUE PROCESS VIOLATION UNDER 5TH AMENDMENT**

Mr.Parker, points out that he must be resentenced because the district judge failed to comply with Fed.R.Crim.P. 32(a)(1)(A). Rule 32(a)(1)(A) requires a sentencing court to "[d]etermine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence report." This Circuit held in U.S. v. Rone, 743 F.2d 1169, 1174 (7th Cir.1984), that the rule requires the judge at sentencing to ask the defendant three questions:

1) Whether the defendant has had an opportunity to read the PSI;

2) Whether the defendant and defense counsel have discussed it; And

3) Whether the defendant wishes to challenge any facts contained in the PSI.

However, Mr.Parker record is silent to this compliance under Fed.R.Crim.P. 32. With respect to Rule 32(a)(1)(A), Mr.Parker correctly points out that the district judge failed to ask him the questions set forth in Rone. It has long been settled that this Circuit deplore this failing and again exhort sentencing courts to carry out this brief questioning in the interest of "focused, adversarial development of the factual and legal issues relevant to determing the appropriate Guidelines sentence." Burns v. U.S., __ U.S. ___, ___, 111 S.Ct. 2182, 2183, 115 L.Ed.2d 123 (U.S. 1991)(discussing purpose of Rule 32); See also Rone, 743 F.2d at 1171 (purpose of Rule 32 is to protect defendant's right to be sentenced on the basis of accurate information).

Nonetheless resentencing is warranted here because, Mr.Parker's sentencing transcripts are silent and his right to a fair sentencing process was compromised. Mr.Parker, was deprived of his chance to challenge the accuracy of the drug quantity figures contained in his PSI because he had never read nor discussed it with his counsel. The judge, neglected to ask Mr.Parker whether he had objections to the PSI, and then the court relied in part on the drug quantity figures recommanded therein in imposing Mr.Parker's sentence. Thus, showing that Mr.Parker's Due Process rights were violated and that such error truly undermined Mr.Parker's ability to be sentenced on the basis of accurate information do to the judge's absence of questioning to meet Fed.R.Crim.P. 32(a)(1)(A). In sum, Mr.Parker has a due process right to a "fair sentencing procedure." Id. Rone, 743 F.2d 1171 (7th Cir.1984).

For the points of authorities stated herein, the sentence imposed on Mr.Parker cannot be sustained and he is entitled to be resentenced in accordance with Rule 32.

## SUMMARY OF MR.PARKER'S § 2255 PETITION

Mr.Parker, was denied effective assistance of counsel on his direct appeal, as requested after the conclusion of sentencing. Furthermore, Mr.Parker was sentenced after the mandate in Booker, in which ("as by now it should be clear that, [a] mandatory system is no longer an open choice") id. at 264, 125 S.Ct. 738 (Noting that district courts are not bound to apply the Guidelines). Mr.Parker, was granted the Safety-Valve provision that relieved him from any Mandatory Minimum sentences under the terms of Imprisonment and Supervised release. Thus, Mr.Parker should have been granted a non-guideline sentence.

Mr.Parker, sentencing record does not indicate the literal compliance to Federal Rule of Criminal Procedure 32, and thus Mr.Parker sentence cannot be sustained if he has not been sentenced on accurate and reliable information. The record as to Mr.Parker does not even discuss the reading of the Presentence Investigation Report. id. Sentencing Transcripts held on May 24, 2007.

Additionally, Mr.Parker's record is silent to his Sixth Amendment ramifications of the district court's fact finding. Mr. Parker's, Constitutional right should not be deemed waived unless there is "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zebrst, 304 U.S. 458, 464, 58 S.Ct.1019, 1023 (1938) (right to counsel). In addition, the Supreme Court noted that "[it]has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental Constitutional rights.' " 304 U.S. at 464, 58 S.Ct. at 1023. This has been settled in Booker (right to trial by jury and fact findings beyond a reasonable doubt). To the extent Mr.Parker's defense counsel did not object to the PSI report, that decision should not be considered a waiver of the Sixth Amendment rights held by Mr.Parker. Under the circumstances, a waiver of the Sixth Amendment  jury trial right should not be presumed.

In sum, Mr.Parker's sentence should not be sustained on the basis of the Constitutional violations that occurred. Mr.Parker, requests an evidentiary hearing to make the record clear to the mandates of his term of imprisonment as imposed. Mr.Parker, has illustrated a procedural and substantive basis for this § 2255 petition.

−17−

## CONCLUSION

Based on the foregoing, Mr.Parker respectfully requests that this Honorable Court

to grant him a delayed notice of appeal or set this matter for an evidentiary hearing

to establish the record on the basis of the Ineffective Assistance Claims as well the other

claims as presented. Or grant the relief requested and for such other and further relief

as this Court deems necessary and proper.

WHEREFORE, Mr.Parker prays that the Court will take a full outlook into his

Constitutional violations that are afforded to him under all facets of the law.

Respectfully submitted,

Vernado Parker

## CERTIFICATE OF SERVICE

I, Vernado Parker, hereby certify that a true and exact copy of the foregoing motion

pursuant to § 2255 has been mailed via U.S. mail pre-paid postage to the the following:

Clerk of Courts For
The Northern District of Illinois
At the Eastern Division
219 South. Dearborn Street
Chicago, Il 60604

−&−

Mr.John R. Blakely
Mr.Christopher Hotaling,
Assistant United States Attorneys
219 South. Dearborn Street
Chicago, Il 60604

on this ____ day and ____ Month of 2008, by placing the same in the Manchester Federal

Prison Camp mailbox.

Vernado Parker,#06003-424
Federal Prison Camp
P.O. Box 4000
Manchester, Ky 40962-4000

I Daniel Kiluk, on May 24, 2007, witnessed Mr. Vernado Parker speaking to his attorney in regards to filing an appeal. He stated to his attorney, William Murphy, that he felt that his sentencing was to steep do to the fact that he was not carrying as must drugs as was stated in the courts.

He than asked this attorney Mr. William Murphy along with Mrs. Anita Carothers if he could filed a motion to reduce the sentence. Mr. Murphy replied that he had to go over the details and will file a motion as-soon-as-possible. Mrs. Anita Carothers also, stated that if he needed any assistance in processing this motion she would do what was needed.

OFFICIAL SEAL
MELISSA L. KELLY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-14-2011

## SWORN AFFIDAVIT IN SUPPORT OF MR. VERNADO PARKER

Gregory Banner, Being duly sworn, Deposes and says: On May 24, 2007, day of Mr. Parker's sentencing, in the Federal Courthouse Building, I observed, the conversation between the Attorneys, for Mr. Parker and Mr. Parker himself discussing the request by Mr. Parker to appeal his sentence. The basis of the direct appeal was that Mr. Parker's term of imprisonment did not reflect the term of imprisonment discussed and the amount of drugs involved had overstated Mr. Parker's culpability in respect for the charge criminal violation.

Per response, Attorney, Mr. William P. Murphy stated: "That he would appeal the sentence and contact Mr. Parker with the process of those proceedings that will occur in the direct appeal phase." And Attorney, Ms. Anita Carothers, added, "She will assist if needed."

I Gregory Banner, submit this sworn affidavit in respect that I witnessed this direct request by Mr. Parker to have his sentence appealed immediately after the sentencing proceedings had concluded. As of date, Mr. Parker's attorneys have failed to carry out their responsibility in Mr. Parker's request, and, I submit my supporting statement on Mr. Parker's behalf.

Subscribed and sworn to before me

this 8th day of May 20 08

at Chicago, County of Cook, State of Illinois.

Notary Public

"OFFICIAL SEAL"
ROSA MARIA SIERRA
Notary Public, State of Illinois
My Commission Expires Dec. 4, 2008

**GENERAL AFFIDAVIT**

State of Illinois
County of _Cook_

BEFORE ME, the undersigned Notary,
_Melissa Kein_ _____ [name of Notary before whom affidavit is sworn], on this _____ [day of month] day of _Jan wary_
[month], 200 X, personally appeared
_Homer Lyons Jr_ _____ [name of affiant], known to me
to be a credible person and of lawful age, who being by me first duly sworn, on _his_ [his or
her] oath, deposes and says:

_I WAS Told that the CASE CARRY 10 YEARS._
_but by VGRNADO TARKER HAVING NO PRIOR_
_CONVICTION they would ~~be~~ REMOVE A YEAR_
_OFF._

_HE Also StAted that After FINISHING the drug_
_PROGRAM HE would only get 5-7 yRS._
_tHERE WAS NO discussion REGARDING HIS SAFETY UNIVER_
[set forth affiant's statement of facts]

_Homer Lyons J_ _____
[signature of affiant]
_Homer Lyons Jr._ _____
[typed name of affiant]
_1308 W. WASHINGTON Blvd._ _____
[address of affiant, line 1]
_Chas, Ill. 60607_ _____
[address of affiant, line 2]

Subscribed and sworn to before me, this _23 RD_ _____ [day of month] day of
_JANUARY_ _____ [month], 200 X
[Notary Seal:]

_Melissa Kelly_ _____
[signature of Notary]
_Melissa Kelly_ _____
[typed name of Notary]


OFFICIAL SEAL
MELISSA L. KELLY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-18-2011

NOTARY PUBLIC

My commission expires: _3 18_ , 20 _11_ .

## GENERAL AFFIDAVIT

State of Illinois
County of COOK

BEFORE ME, the undersigned Notary,
IVA DENKOVSKA
[name of Notary before whom affidavit is sworn], on this 23 RD [day of month] day of JANUARY
[month], 20 08, personally appeared
DERREL McDavid
[name of affiant], known to me to be a credible person and of lawful age, who being by me first duly sworn, on HIS [his or her] oath, deposes and says:

I WAS TOLD HE WOULD GET 120
MONTHS WHICH WOULD NET TO
84 MONTHS AFTER VARIOUS REDUCTIONS.

I never HAD any discussion about
WHERE THE 120 MONTHS CAME FROM OR
HOW MUCH DRUGS WERE INVOLVED.
THERE WAS NO TALK ABOUT any KIND OF
SAFETY VALVE.
[set forth affiant's statement of facts]

_DM_
[signature of affiant]

Derrel M McDavid
[typed name of affiant]

308 W. Madison St
[address of affiant, line 1]

Oak Park, IL 60302
[address of affiant, line 2]

Subscribed and sworn to before me, this 23 RD [day of month] day of
January [month], 20 08

[Notary Seal:]

_Iva Denkovska_
[signature of Notary]

Iva Denkovska
[typed name of Notary]

NOTARY PUBLIC

My commission expires: 12/19, 2010

"OFFICIAL SEAL"
IVA DENKOVSKA
Notary Public, State of Illinois
My Commission Expires Dec. 19, 2010