UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>            )<br>            )<br>v.         )<br>            )<br>            )<br>VERNARDO PARKER        ) | No. 08 CV-3492<br>(Criminal Case No. 04 CR-361)<br><br>Honorable Matthew F. Kennelly<br>United States District Court Judge |

**GOVERNMENT'S CONSOLIDATED MOTION
FOR AN ORDER AUTHORIZING DISCLOSURE OF
ATTORNEY-CLIENT COMMUNICATIONS
AND FOR A CONTINUANCE OF
THE GOVERNMENT'S RESPONSE DEADLINE**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court: (1) to issue an order authorizing attorneys William Murphy and Anita Carothers to disclose attorney-client communications to the government as required for the United States to respond to the defendant's motion brought under Title 28, United States Code, Section 2255; and (2) to issue an order granting a continuance of the government's response deadline to and including Tuesday, October 28, 2008. In support of its consolidated motion, the government states as follows:

1.      On or about June 18, 2008, the defendant, Vernado Parker, filed with this Court a motion pursuant to Title 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence ("2255 petition"). In his 2255 petition, the defendant identified William Murphy and Anita Carothers as his defense counsel in the district court proceedings, and he cited a number of grounds for relief, including the purported ineffective assistance of such defense counsel wherein defendant claims that they allegedly failed to follow his instructions to file a notice of appeal.

2. It is well-established that the attorney-client privilege is waived when, as here, a client alleges a breach of duty to him by his attorney. *See, e.g., Laughner v. United States,* 373 F.2d 326, 327 (5th Cir. 1967); *See also Paters v. United States,* 159 F.3d 1043, 1047 n.6 (7th Cir. 1998) ("[T]he attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation.") (internal quotation and citation omitted); *In re Lott,* 424 F.3d 446, 452-454 (6th Cir.2005). Under well-settled law, the courts have found an implied waiver of the attorney-client privilege whenever a petitioner "injects into [the] litigation an issue that requires testimony from [his] attorneys or testimony concerning the reasonableness of [his] attorneys' conduct." *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir.2001); *See also Tasby v. United States,* 504 F.2d 332, 336 (8th Cir.1974) ("When a client calls into public question the competence of his attorney, the privilege is waived.").

3. Given that the defendant's claims involve and/or relate to attorney-client communications with his defense attorneys, the government seeks to interview these attorneys to obtain their response to defendant's allegations, and to conduct such inquiry under the protection of this Court's authorization.

4. Additionally, the government seeks a continuance of the government's response deadline, which is currently set for August 29, 2008. Exercising due diligence in the preparation of its response, the government has already obtained and reviewed the closed criminal case file and relevant district court transcript, and it has further attempted to discuss non-privileged procedural matters with defense counsel. Nevertheless, the government's response cannot be completed by the current deadline. As such, the government's request for a continuance is made in good faith and not for purpose of unnecessary delay.

For the foregoing reasons, the government respectfully requests that this Court: (1) to issue an order authorizing attorneys William Murphy and Anita Carothers to disclose attorney-client communications to the government as required for the United States to respond to the defendant's motion brought under Title 28, United States Code, Section 2255; and (2) to issue an order granting a continuance of the government's response deadline to and including Tuesday, October 28, 2008.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

By:    /s/ John Robert Blakey
    John Robert Blakey
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5320

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**GOVERNMENT'S CONSOLIDATED MOTION**

was served pursuant to the district court's ECF system as to ECF filers, and to Vernado Parker, Inmate Number 06003-424, Manchester Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 4000, Manchester, KY 40962.

By:    /s/ John Robert Blakey
    John Robert Blakey
    Assistant United States Attorney
    219 South Dearborn Street, 5th Floor
    Chicago, Illinois 60604